ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| LUIS ALFREDO SANTIAGO PACHECO<br><br>*EX PARTE* | TA2026CE00624 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2021CV05890<br><br>Sobre: Petición de Declaratoria de Herederos |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de junio de 2026.

Comparece la Sra. Dianeris Nieves Santiago (señora Nieves Santiago o peticionaria) mediante un recurso de *certiorari*. Solicita nuestra intervención para revocar la *Resolución* de 16 de marzo de 2026, notificada el día 24 siguiente, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI). Mediante el referido pronunciamiento, el TPI declaró *sin lugar* la solicitud de enmienda a la *Resolución Enmendada Nunc Pro Tunc*, sobre declaratoria de herederos de la causante Elizabeth Milagros Maldonado Monserrate.

**I.**

Los hechos relevantes del caso se originan el 12 de enero de 2021, ocasión en que la causante Elizabeth Milagros Maldonado Monserrate falleció intestada. A tales efectos, el cónyuge supérstite, Luis Alfredo Santiago Pacheco, representado por el Lcdo. Joseph Brocco Santiago, solicitó la declaración de los herederos, junto a la evidencia de rigor.[1] El 23 de septiembre de 2021, el TPI dictó una *Resolución* en la que declaró herederos a los tres hijos de la causante: Yolanda Viera Maldonado, Diana Santiago Maldonado y Luis Alfredo Santiago Maldonado, así como

---

[1] Entrada 1 y sus anejos del expediente electrónico en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC-TPI).

al viudo.[2] Este dictamen fue enmendado el 22 de noviembre de 2021, a petición de parte, a los efectos de corregir que el viudo de la causante era heredero en propiedad y no en la cuota viudal usufructuaria.[3]

Así las cosas, el 12 de marzo de 2026, por conducto del Lcdo. Fernando Rabel Echegaray, la señora Nieves Santiago presentó un escrito intitulado *Moción asumiendo representación legal y solicitud de enmienda a Resolución*.[4] En resumen, indicó que la heredera Diana Santiago Maldonado repudió el derecho hereditario de su madre. En observancia al derecho vigente a la muerte de la causante, entonces, a la señora Santiago Maldonado la representaban sus hijos: Dianeris, Víctor y Yesenia, todos de apellidos Nieves Santiago.[5] Por tanto, peticionó que la declaratoria de herederos se enmendara para nombrar herederos de la causante al viudo Luis Alfredo Santiago Pacheco, a los hijos Yolanda Viera Maldonado y Luis Alfredo Santiago Maldonado; así como a los nietos Dianeris Nieves Santiago, Víctor Nieves Santiago y Yesenia Nieves Santiago, en representación de su madre repudiante.

En respuesta, el 24 de marzo de 2026 el TPI notificó la *Resolución* recurrida en la que expresó lo que sigue:[6]

> La SOLICITUD DE ENMIENDA A RESOLUCIÓN (Entrada 5) se declara Sin Lugar. Se solicita enmendar una Resolución dada hace cuatro años en un caso inactivo desde septiembre 2021, sin notificar al peticionario o a los demás herederos y sin siquiera acreditar sus fundamentos.

Inconforme, la señora Nieves Santiago instó una *Moción de Reconsideración*.[7] En suma, alegó que, a pesar de la inactividad, los casos de declaratoria de herederos no eran cosa juzgada. En cuanto a la notificación a las otras partes, adujo que la enmienda solicitada tenía el

---

[2] Entrada 2 SUMAC-TPI.
[3] Entradas 3 y 4 SUMAC-TPI.
[4] Entrada 5 y sus anejos SUMAC-TPI. La parte satisfizo los aranceles mandatorios; véase, entrada 7 SUMAC-TPI.
[5] En la Escritura Pública 5 denominada *Protocolización de documento de repudiación de derecho hereditario notarizado fuera*, fechada el 19 de enero de 2026, ante el notario Fernando Rabell Echegaray, compareció de una sola parte Sheila Acevedo Reyes para protocolizar el documento *Repudiation of heredity right* de 5 de enero de 2026, autorizado por la notaria Regina Jiménez de Bradenton, Florida. Véase, entrada 10 SUMAC-TPI.
[6] Entrada 8 SUMAC-TPI.
[7] Entrada 9 SUMAC-TPI.

fin de declarar un hecho sustantivo indiscutible, ya que la peticionaria y sus hermanos representaban a su madre y heredaban en su lugar, luego de la repudiación de la señora Santiago Maldonado. Sostuvo así que no era necesario notificar a los demás herederos, ya que ellos mantenían su porción de la herencia inalterada y, en todo caso, si alguien desconocido hubiera sido afectado, le corresponde a la parte excluida intervenir. Finalmente, con relación a los fundamentos de la solicitud, expuso los principios de la repudiación y sus efectos sobre la estirpe.[8] El TPI no acogió los argumentos y, el 8 de mayo de 2026, declaró *no ha lugar* el escrito de reconsideración.[9]

No conteste aún, la señora Nieves Santiago acudió oportunamente ante nos y señaló la comisión de los siguientes errores:

**PRIMER ERROR:** [...][10]

**SEGUNDO ERROR:** ERRÓ EL TPI AL NEGARSE A EMITIR UNA RESOLUCIÓN DE DECLARATORIA DE HEREDEROS ENMENDADA POR NO NOTIFICARSE A LAS OTRAS PARTES.

**TERCER ERROR:** ERRÓ EL TPI AL NEGARSE A EMITIR UNA RESOLUCIÓN DE DECLARATORIA DE HEREDEROS ENMENDADA POR LOS FUNDAMENTOS.

**II.**

**A.**

El fallecimiento de una persona da lugar a la apertura de la sucesión y al comienzo del proceso de transmisión de la herencia a determinados parientes del difunto. Es en ese momento que ocurre la delación o llamamiento, entiéndase, "el ofrecimiento de la herencia a

---

[8] Posteriormente, la parte peticionaria incoó una moción informativa ante el TPI para dejar saber que, en el caso SJ2023CV01258 sobre declaratoria de herederos del causante Luis Alfredo Santiago Pacheco, fenecido el 1 de octubre de 2022, la hija Diana Santiago Maldonado también repudió en el mismo documento notarial otorgado en Florida. En ese caso, en reconsideración, el magistrado concedió lo solicitado en la *Resolución Final Enmendada* de 1 de abril de 2026, en la que se declararon herederos al hijo del causante Luis Alfredo Santiago Maldonado y a sus nietos en representación de su hija Diana Santiago Maldonado, quien repudió la herencia: Dianeris Nieves Santiago, Víctor Emmanuel Nieves Santiago y Yesenia Nieves Santiago. Véase, entrada 11 SUMAC-TPI.

[9] Entrada 12 SUMAC-TPI.

[10] Por inadvertencia, la peticionaria reprodujo el segundo error. No obstante, al argumentar aludió a la inactividad del caso entre la notificación de la *Resolución Enmendada Nunc Pro Tunc* y la petición de enmienda que nos ocupa.

quien es llamado a suceder". *Scotiabank v. Sucn. Quiñones et al.*, 206 DPR 904, 918 (2021), que cita a M.A. Diez Fulladosa, *La herencia: su régimen jurídico en Puerto Rico*, InterJuris, 2015, pág. 347; *Sucn. Maldonado v. Sucn. Maldonado*, 166 DPR 154, 177 (2005). La delación tiene el efecto de hacer surgir el derecho de aceptar o repudiar la herencia. *Id.* Ahora, de conformidad con la teoría romana de la adquisición de la herencia, para adquirir una herencia se requiere la aceptación por parte del llamado a suceder, quien es libre de aceptar o rechazar el llamamiento. *Scotiabank v. Sucn. Quiñones et al., supra*, págs. 919-920; Diez Fulladosa, *op. cit.*, pág. 348. Véase, además, Art. 1570 del Cód. Civil, 31 LPRA sec. 11013.

Salvo por vicio en el consentimiento, la aceptación y la repudiación de la herencia son actos voluntarios, libres e irrevocables. Ambas se retrotraen al momento de la muerte del causante. *Scotiabank v. Sucn. Quiñones et al., supra*, pág. 920; Arts. 1571-1572 del Cód. Civ., 31 LPRA secs. 11014-11015. En cuanto a la repudiación de la herencia en particular, la ley civil general dicta que se trata de un acto por el cual el llamado a suceder manifiesta su voluntad de no ser heredero. Art. 1582 del Cód. Civil, 31 LPRA sec. 11025. La repudiación de la herencia se hace mediante una escritura pública o un escrito dirigido al tribunal. Art. 1583 del Cód. Civil, 31 LPRA sec. 11026.

De acuerdo con el ordenamiento sucesoral vigente, el Código Civil de Puerto Rico establece que la representación sucesoria opera en los casos de repudiación. Es decir, la descendencia puede representar al ascendiente cuya herencia ha repudiado. Arts. 1612(d) y 1615 del Cód. Civ., 31 LPRA secs. 11092(d) y 11095. En específico, la representación se refiere a cuando los descendientes tienen derecho a heredar en lugar y en el grado de su ascendiente. La representación se produce tanto en la sucesión testada como en la intestada. Art. 1611 del Cód. Civ., 31 LPRA secs. 11091. Claro está, cuando se hereda por representación, la división de la herencia se hace por estirpes, de modo que el o los

representantes no heredan más de lo que heredaría su representado. Art. 1614 del Cód. Civil, 31 LPRA sec. 11094.

**B.**

El procedimiento de petición de declaratoria de herederos es de jurisdicción voluntaria y está consagrado en el Artículo 552 del Código de Enjuiciamiento Civil, 32 LPRA secs. 2301.[11] El dictamen o acta de notoriedad[12] se emite *sin perjuicio de tercero de mejor derecho. Vélez* v. *Franqui,* 82 DPR 762, 776 (1961). Aunque el procedimiento de declaratoria de herederos es *ex parte,* el Artículo 553 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2302, contempla la posibilidad de reclamaciones opuestas en la tramitación del procedimiento sucesorio.[13]

---

[11] Artículo 552. — Procedimiento para declaratoria de herederos.

En casos de sucesión intestada o de nulidad de un testamento, los que tengan algún interés en la herencia podrán dirigir una solicitud a la Sala del Tribunal de Primera Instancia del último domicilio del finado, o del lugar en donde se encuentren sus bienes, pidiendo se dicte el correspondiente auto de declaración de herederos.

(1) La solicitud declarará bajo juramento el fallecimiento de la persona de cuya sucesión se trate;

(2) que, según el leal saber y entender del peticionario, quien expondrá el origen de sus informes y los fundamentos en que se apoya para creerlo, falleció sin dejar testamento; que se han hecho las investigaciones y registros correspondientes, sin encontrarlo, o si hubiere dejado testamento, que éste ha sido declarado nulo, [y]

(3) los nombres y domicilios de las personas con derecho a la herencia o sucesión.

El juez a quien se hubiese presentado la solicitud examinará en el más breve término posible la prueba documental en que se apoya el peticionario y la certificación negativa del Registro de Testamentos en el Tribunal Supremo y, con el resultado de ella, dictará la resolución que proceda sin necesidad de celebrar vista; o discrecionalmente podrá requerir prueba adicional o señalar vista de estimarlo procedente. El auto se dictará sin perjuicio de tercero, a no ser que se trate de herederos forzosos.

Solicitada la declaración de herederos a favor de un pariente colateral dentro del sexto grado, si el juez tuviere motivos para creer que podrán existir otros parientes de igual o mejor grado, y el valor de los bienes excede de cinco mil dólares ($5,000), podrá el juez a su discreción mandar a publicar edictos anunciando el fallecimiento del finado y los nombres y grados del parentesco de los que reclaman la herencia y llamando a los que se crean con igual grado o mejor derecho para que comparezcan a reclamar dentro de un plazo determinado. Los edictos se publicarán por un tiempo que fijará el juez en su orden, insertándolos en un periódico de circulación general en el Estado Libre Asociado. Transcurrido el término designado en los edictos, a contar desde la fecha de su última publicación, apreciadas las pruebas, dictará el juez auto, según lo previsto por la ley para el caso, haciendo declaración de las personas con derecho a la herencia. Las que comparezcan a consecuencia de dichos llamamientos deberán expresar por escrito y bajo juramento el grado de parentesco en que se hallen con el causante de la herencia, si no tuviesen a su disposición documentos que los justifiquen.

32 LPRA sec. 2301.

[12] Refiérase a la Ley Núm. 282 de 21 de agosto de 1999, *Ley de Asuntos No Contenciosos ante Notario,* 4 LPRA sec. 2155 *et seq.*

[13] Artículo 553. — Audiencia sobre reclamaciones opuestas.

Las personas que formulen reclamaciones opuestas a la del peticionario deberán presentar sus contestaciones conteniendo sus reclamaciones formuladas contra el peticionario y unos contra otros entre sí. Dispuestos que estuvieren los autos para el juicio, el juez, a petición de alguna de las partes, señalará día y hora

Por consiguiente, la declaratoria de herederos es un proceso susceptible de enmendarse, según la evidencia que se presente. Incluso, al no ser cosa juzgada, dentro del mismo procedimiento, cualquier heredero puede promover la nulidad de la resolución dictada. *E. González Tejera, Derecho de Sucesiones: La sucesión intestada, Editorial Universidad de Puerto Rico,* 2001, T. I, págs. 411-412.

Como se conoce, el título de la sucesión es el testamento o la declaratoria de herederos. *Miranda Meléndez v. Registrador*, 193 DPR 862, 875 (2015). En esencia, mediante la declaratoria de herederos, la ley suple la ausencia de una institución de herederos establecida mediante testamento o, de haberse otorgado, resulta ineficaz en todo o en parte o no distribuye la totalidad del caudal relicto. González Tejera, *op. cit.*, pág. 409; *Pueblo v. Flores Betancourt*, 124 DPR 867, 879 (1989).

**III.**

Como cuestión de umbral, examinamos el auto discrecional del título al palio de la Regla 40, *Criterios para la expedición del auto de certiorari*, del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025).[14] Advertimos sobre la norma asentada de que este tribunal

---

para la vista dentro de un plazo que no baje de cinco (5) ni exceda de ocho (8) días. En el día señalado el juez oirá el testimonio oralmente, examinará las pruebas que presenten las partes aspirantes en persona o por medio de sus abogados y, dentro de los seis (6) días siguientes, dictará sentencia, la cual será apelable. Cualquier aspirante podrá presentarse en el curso del juicio para la declaración de herencia, siempre que dicha comparecencia dilatoria no retarde el curso del procedimiento. Después de dictada la resolución firme, cualquier aspirante que no haya sido notificado del procedimiento, y que no haya comparecido en el mismo y tenga un derecho bien fundado a la herencia, podrá formular y hacer valer su derecho contra los que hayan sido declarados judicialmente herederos.

32 LPRA sec. 2302.

[14] Al determinar la expedición de un auto de *certiorari*, este Tribunal toma en consideración los siguientes criterios:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

intermedio no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional, "*salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto*". (Cursivas en el original y citas suprimidas). *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018), que cita con aprobación a *Ramos Milano v. Wal-Mart,* 168 DPR 112, 121 (2006); *Rivera y otros v. Banco Popular*, 152 DPR 140, 155 (2000); *Meléndez Vega v. Caribbean Int'l. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013). A la luz de los criterios reglamentarios y jurisprudenciales, decidimos ejercer nuestra facultad discrecional e intervenir. Veamos.

En la causa presente, la peticionaria señala que el TPI incidió al negarse a enmendar la *Resolución Enmendada Nunc Pro Tunc* basado en el tiempo transcurrido desde su emisión, en la falta de notificación a los demás herederos y sin acreditar sus fundamentos. Le asiste la razón.

Con relación al primer señalamiento de error, es harto conocido que la resolución sobre declaratoria de herederos que emite un tribunal, aunque final, no adquiere carácter de cosa juzgada ni constituye una sentencia. En armonía con la normativa, una declaratoria de herederos puede válidamente ser enmendada con evidencia fehaciente, pues la declaratoria de herederos siempre se concede sin perjuicio de tercero de mejor derecho. Así, pues, dentro del mismo procedimiento, cualquier persona con interés como heredero puede promover, incluso, el decreto de nulidad de la declaratoria. Art. 553 del Cód. de Enj. Civ., 32 LPRA sec. 2302. Al recordar la máxima de que "quien puede lo más, puede lo menos," sería un despropósito pensar que la señora Nieves Santiago y

---

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

sus hermanos no puedan solicitar una enmienda de representación por la repudiación de su ascendiente, meramente porque transcurrieron algo más de cuatro años de emitida la *Resolución Enmendada Nunc Pro Tunc*. Nótese que si, en lugar de repudiar, la señora Santiago Maldonado hubiera sido preterida, por ejemplo, le hubiera asistido el derecho a ella o a sus herederos de solicitar una enmienda por preterición, con irrelevancia del tiempo en que el caso *ex parte* o de jurisdicción voluntaria estuviere inactivo.

En cuanto al segundo error, acerca de que no se notificó a los otros herederos, discrepamos de la apreciación del TPI. Como reseñamos, el viudo y peticionario de la declaratoria de herederos de la causante compareció ante la primera instancia judicial mediante la plataforma electrónica de SUMAC, debidamente representado por el licenciado Brocco Santiago, quien continúa activo en la práctica de la abogacía y la notaría, según el Directorio de Abogados y Abogadas. Asimismo, en el escrito judicial de solicitud de enmienda instado por la señora Nieves Santiago a través del licenciado Rabell Echegaray, éste certificó que el documento sería "notificado automáticamente a todas las partes de récord". Como se sabe, "[l]a presentación electrónica de un escrito constituirá la notificación que debe efectuarse entre abogados y abogadas y entre partes, según disponen las Reglas de Procedimiento Civil y las Reglas de Procedimiento Criminal, siempre y cuando hayan comparecido al caso". Véase, Parte IX, *Notificaciones electrónicas*, inciso (5) de las *Directrices administrativas para la presentación y notificación electrónica de documentos mediante el Sistema Unificado de Manejo y Administración de Casos y el formulario interactivo*, según enmendadas.[15]

En este caso en particular, a la fecha de la petición de la enmienda solicitada, el peticionario original y cónyuge supérstite de la causante

---

[15] Aprobadas mediante la OAJP-2013-173 de 10 de enero de 2014, según enmendadas por la OAJP-2017-14 de 2 de marzo de 2017, OAJP-2021-088 de 13 de diciembre de 2021, Circular Núm. 21 de 13 de diciembre de 2021, OAJP-2025-131 de 24 de abril de 2025 y la Circular Núm. 26 de 24 de abril de 2025.

había fallecido intestado, dejando como herederos a Luis Alfredo Santiago Maldonado, Dianeris Nieves Santiago, Víctor Emmanuel Nieves Santiago y a Yesenia Nieves Santiago, quienes representaron a la señora Santiago Maldonado, toda vez que ésta repudió la herencia de su padre.[16] Empero, como mencionamos, los herederos de la causante promovieron su causa a través de un abogado, el cual fue notificado mediante la plataforma electrónica de SUMAC. Ello no es óbice para que, sin perjuicio de tercero de mejor derecho, cualquier heredero con interés pueda intervenir en el caso.

En el tercer señalamiento de error, de entrada, debemos concluir que es incorrecta la afirmación del TPI sobre que la señora Nieves Santiago no acreditó los fundamentos de su solicitud. Ciertamente, en el acápite 5 de la *Moción asumiendo representación legal y solicitud de enmienda a Resolución* se expuso brevemente el derecho aplicable.[17] Luego, en la *Moción de Reconsideración* se amplió el marco doctrinal.

Según pautamos, ante el llamamiento hereditario a su favor, la señora Santiago Maldonado repudió el derecho hereditario de su madre por virtud del documento *Repudiation of heredity right* de 5 de enero de 2026, autorizado por la notaria Regina Jiménez de Bradenton, Florida. El documento se protocolizó en Puerto Rico, mediante la Escritura Pública 5, *Protocolización de documento de repudiación de derecho hereditario notarizado fuera*, de 19 de enero de 2026, ante el notario Rabell Echegaray. El efecto legal vigente de la repudiación es la operación de la figura de representación por parte de los descendientes: los hermanos Dianeris, Víctor y Yesenia de apellidos Nieves Santiago. A esos fines, los herederos representantes solicitaron enmendar la declaratoria

---

[16] Refiérase a la nota al calce 8 de esta *Sentencia*.

[17] Reproducimos el párrafo aludido:

La repudiación de herencia en el nuevo Código Civil de Puerto Rico (Ley 55-2020), vigente desde el 28 de noviembre de 2020, es un acto unilateral, formal e irrevocable mediante el cual un heredero rechaza total y expresamente los bienes, derechos y obligaciones del causante. Debe realizarse mediante escritura pública o escrito al tribunal. Efectos en la estirpe: Si el causante falleció bajo la vigencia del nuevo Código (a partir del 28 de noviembre de 2020), el heredero repudia para sí y los que le sustituirían en la herencia (su estirpe), quienes pueden decidir si aceptan o repudian.

de herederos, acreditando con evidencia documental fehaciente, tanto la repudiación de la señora Santiago Maldonado, como su filiación con la repudiante, a través de los respectivos certificados de nacimiento. La enmienda peticionada únicamente tendría el efecto de declarar el derecho positivo que emana el Código Civil. La declaración de los hermanos Nieves Santiago como herederos en nada afecta el derecho hereditario de los otros herederos ya declarados, ya que la representación implica que, en su día, la división de la herencia se realice por estirpes, esto es, los hijos representantes no heredarán más de lo que hubiera heredado su representada. Es decir, los derechos de éstos a la herencia de la causante permanecen incólumes. Por lo anterior, no vemos impedimento alguno para que el TPI concediera la petición de la señora Nieves Santiago y sus hermanos, quienes comparecieron para que el dictamen final esté acorde con la repudiación ejercitada.

**IV.**

Por los fundamentos expresados, expedimos el auto de *certiorari* y revocamos la *Resolución* impugnada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones